# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION
# AT MEMPHIS

**Daphene Fitchpatrick,**
    **Plaintiff,**

vs.       No.: 20-02720

**The Hartford,**
a/d/b/a **The Hartford Financial Services Group, Inc.**
    **Defendants.**

## COMPLAINT

**COMES NOW** your plaintiff, Daphene Fitchpatrick, and by and through counsel and sues the defendants, The Hartford, and for cause states and shows to this Honorable Court as follows:

1. The plaintiff is a resident of Memphis, Shelby County, Tennessee.

2. That at all times herein mentioned, The Hartford is an insurance company with its principal place of business in the State of Connecticut. The defendant is authorized to do and doing business in the State of Tennessee. The policy which is the subject of this litigation was written and entered in the State of Tennessee. The defendant's agent for service of process is the Tennessee Commissioner of Insurance;

3. This Court has jurisdiction pursuant to 28 USC § 1332(a). There is diversity of

citizenship between the parties and the amount in controversy exceeds $100,000.00. Therefore, diversity exists in this cause of action. Moreover, this Court has jurisdiction by virtue of the Employee Retirement and Income Security Act of 1974;

4. This is a civil action to recover long-term disability benefits pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (herein ERISA);

5. The plaintiff, by virtue of her employment with Region One Health was provided a long-term disability policy with the defendants. The claim number is 11723911;

6. On September 9, 2014, the plaintiff applied for long-term and short- term disability benefits under this policy due to numerous medical disabilities, including but not limited to epilepsy, cerebral infarction and aphasia;

7. On or about March 8,2015, the defendant approved the plaintiff's application for long-term disability benefits.

8. On June 3, 2019, the defendant terminated the plaintiff's Long Term Disability Benefits;

9. On June 16,2019, the plaintiff appealed the denial of her long-term disability benefits;

10. On or about July 10, 2019, the defendant requested additional time to review the file as well as for additional medical records;

12. On or about August 31,2020, the defendant wrote a letter to the plaintiff' affirming the decision to deny her application for disability benefits;

13. The plaintiff has been **"DISABLED"** pursuant to the terms of the policy and eligible for disability benefits since the termination date due to the medical conditions from which she suffers;

14. The plaintiff has appealed all administrative denials and has exhausted administrative remedies. The letter dated July 29, 2020 states: "If you do not agree with the final decision, you can file a civil suit under section 502(a)...."

15. The plaintiff's condition renders her **"DISABLED"** as defined under **"DEFINITION OF DISABILITY"** under the group policy which is the subject of this litigation;

16. The defendant has failed to pay benefits for said policy and plans of benefits currently amounting to 66 2/3 of her gross income for each month he is unable to engage in substantial gainful activity;

17. There will be additional benefits accruing after filing this lawsuit as the plaintiff remains disabled;

18. The defendant's denial of disability benefits is arbitrary and capricious as defined by the Sixth Circuit case law governing ERISA claims.

**WHEREFORE,** the plaintiff prays for judgment against the defendant for all approved benefits, for any months she is disabled under the policy, for prejudgment and post-judgment interest, for future benefits, for attorney fees, discretionary cost and any other relief the Court deems just and proper under the circumstances pursuant to 502(a)(1)(B) or in the alternative 502(a)(3).

Respectfully submitted,

/s/ John E. Dunlap
John E. Dunlap (013223)
Attorney for the Plaintiff
3340 Poplar Ave Ste 320
Memphis, Tennessee 38111
(901) 320-1603
(901) 320-6914
jdunlap00@gmail.com